**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

THOMAS JEDRZEJCZYK; et al.,

          Plaintiffs-Appellants,

  v.

SKILLZ, INC., FKA Flying Eagle
Acquisition Corp.; et al.,

          Defendants-Appellees.

No.   23-15493

D.C. No. 3:21-cv-03450-RS

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, Chief District Judge, Presiding

Argued and Submitted April 1, 2024
San Francisco, California

Before: HURWITZ and JOHNSTONE, Circuit Judges, and MORRIS,[**] District
Judge.

This putative class action asserts that Skillz, Inc. and several of its officers

(collectively, "defendants") violated Section 10 of the Securities Act of 1934,

15 U.S.C. § 78j(b), and Securities Exchange Commission Rule 10b-5, 17 C.F.R.

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]    The Honorable Brian M. Morris, Chief Judge for the District of
Montana, sitting by designation.

§ 240.10b-5. The operative second amended complaint alleges that the defendants (1) misrepresented the ability of Skillz's software platform to support synchronous mobile gaming; and misleadingly (2) failed to disclose paying user metrics and instead emphasized less relevant aggregate user metrics; (3) failed to disclose "declining downloads of top games" while touting overall growth; and (4) failed to adequately explain the use of "Bonus Cash" as a user engagement tool and as a component of reported revenue.

The district court granted the defendants' motion to dismiss the operative complaint. To survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss in a Section 10 or Rule 10b-5 action, a complaint must allege a "material misrepresentation or omission by the defendant," *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 267 (2014), "with particularity," 15 U.S.C. § 78u-4(b)(1). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1.      The operative complaint did not adequately allege facts demonstrating that Skillz "misled investors by overstating the technical features of its gaming platform." Even assuming that, as the complaint alleges, Skillz lacked capacity to "adequately handle" developer needs and was still "working out bug defects," imperfections in its synchronous gaming software do not render the company's statements that its platform "enable[s]" synchronous games and that it "continued to invest in" synchronous gaming false or misleading. The federal securities laws do

not create an obligation to disclose all potential kinks in a software program and the failure to disclose such kinks does not render general positive statements about the program false. *See Weston Family P'ship LLLP v. Twitter, Inc.*, 29 F.4th 611, 620–21 (9th Cir. 2022). Indeed, the precise games "enabled" were fully disclosed and plaintiffs concede that Skillz offered "basic synchronous games."

2. Nor did the operative complaint sufficiently plead Skillz misled investors by excluding average revenue per paying user ("ARPPU") in financial disclosures prior to February 2021 and instead emphasizing aggregate monthly average users ("MAUs"), which Skillz leadership later called a "vanity metric." Plaintiffs do not allege that any reported metric was inaccurate. Moreover, Skillz regularly reported the total number of users, the percentage of paying users, and total revenue; with that information, ARPPU could readily be calculated. Any early emphasis by Skillz on MAUs was not materially misleading, as only users who initially used the platform through a free download could later be converted into paying users. *See Brody v. Transitional Hosps. Corp.*, 280 F.3d 997, 1006 (9th Cir. 2002) (an actionable omission must "create an impression of a state of affairs that differs in a material way from the one that actually exists").

3. Plaintiffs also failed to sufficiently allege facts demonstrating that Skillz misled investors about revenue streams by failing to disclose "declining downloads of top games." As an initial matter, the download rate for any particular

game would be naturally subject to fluctuation over time. And even if download rates decline, aggregate downloads and revenue may "continue to grow." Likewise, Skillz's statement that if some games became "less popular . . . business and prospects could suffer," is not misleading both because it states a truism and because the statement did not quantify any game's overall popularity. Further, Skillz's statement that "paying users today have 10 Skillz games installed" even absent information about whether paying users paid to play all those games, did not materially mislead investors about revenue because Skillz disclosed overall revenues, and investors knew that Skillz's business model involved offering free initial downloads. *See Or. Pub. Emps. Ret. Fund v. Apollo Grp. Inc.*, 774 F.3d 598, 607 (9th Cir. 2014) (finding alleged failure by school to disclose recruiting tactics and results immaterial because "[i]nvestors knew that they were investing in . . . an institution whose business model relied on recruiting students for profit" and the school disclosed enrollment numbers).

4.    Plaintiffs also failed to adequately allege that Skillz misleadingly obscured the use of and risks associated with "Bonus Cash," a promotional incentive users could spend on game contests. The statements cited in the complaint amount to non-actionable puffery. *See id.* at 606. And Skillz disclosed that some users paid game entry fees with Bonus Cash, and that such end-user incentives "represented approximately 7% of total entry fees" in 2019 and 2020.

4

**AFFIRMED.**[1]

---

[1] Because plaintiffs failed to plead falsity, we need not address whether the operative complaint sufficiently alleged scienter or loss causation. *See* 15 U.S.C. § 78u-4(b)(3)(A); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009). The second amended complaint also alleges a derivative cause of action under Section 20(a) of the Securities Act of 1934, 15 U.S.C. § 78t. *See Glazer Cap. Mgmt., L.P. v. Forescout Techs., Inc.*, 63 F.4th 747, 765 (9th Cir. 2023). We affirm the dismissal of this claim for failure to state a predicate claim.